IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAROLYN SMITH-DEWEY,              )<br>                                   )<br>              Plaintiff,           )<br>                                   )<br>       v.                          )<br>                                   )<br>LANCASTER COUNTY ATTORNEY'S        )<br>OFFICE, NEBRASKA DEPARTMENT OF)<br>HEALTH AND HUMAN SERVICES, and)<br>NEBRASKA OFFICE OF JUVENILE        )<br>SERVICES,                          )<br>                                   )<br>              Defendants.          )<br>_____)   | 4:05CV3120<br><br><br><br><br><br>MEMORANDUM OPINION |

This matter is before the Court on plaintiff's motions for custody of her minor son (Filing Nos. 8, 10, and 16)[1] and defendants' motions to dismiss (Filing Nos. 21 and 23). Having reviewed the motion, the parties' briefs and evidentiary submissions, and the applicable law, the Court will deny plaintiff's motions for custody and grant defendants' motions to dismiss.

Background

Plaintiff, proceeding pro se, filed this action against the Lancaster County Attorney's Office ("Lancaster County"), the Nebraska Department of Health and Human Services ("DHHS"), and

---

[1] While plaintiff's motions contain varying captions, each of the motions essentially seeks the release of her son from incarceration and restoration of his custody to the plaintiff. See "Motion to Return Custody Back to Original Mother" (Filing No. 8); "Motion for Temporary Custody of Minor Son" (Filing No. 10); and "Petition for Writ of Emergency Habeas Corpus" (Filing No. 16).

the Office of Juvenile Services ("OJS") seeking the release of her minor son from OJS custody.

On August 30, 2002, plaintiff's minor son, Levi, was charged with two counts of intentionally or maliciously damaging property pursuant to Neb. Rev. Stat. §§ 28-519(3), (4) (Filing No. 1, Ex. 4, p. 1). Levi pled no contest as to Count I, admitted Count II, and was placed on probation. *Id*. at p. 3. On May 22, 2003, Levi was taken into OJS custody for violating the terms of his probation after he allegedly threatened to kill his teacher (Filing No. 1, Ex. 3, p. 27). Levi was thereafter conditionally released to his mother (Filing No. 1, Ex. 4, p. 28). For reasons unclear to the Court, Levi was again committed to OJS custody on July 23, 2003, for out of home placement at a group home until he reached age nineteen or was released from OJS custody (Filing No. 1, Ex. 5, p. 26).

As is detailed in the exhibits attached to plaintiff's complaint, Levi has had an extensive history with the DHHS (Filing No. 1, Ex. 5, pp. 21, 22). He and his siblings have all, at one time or another, been removed from plaintiff's custody due to reports of alleged abuse or neglect. The heart of plaintiff's complaint contests the conditions of her son's current incarceration and seeks his immediate release from the group home in Beatrice, Nebraska, to which he is currently confined. Plaintiff alleges that her son is being abused by DHHS officials

and is being unlawfully detained because he was scheduled to be released from the group home on January 5, 2005.

## Standard of Review

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff. *Riley v. St. Louis County*, 153 F.3d 627, 629 (8th Cir. 1998); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief. *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979). The allegations of a pro se complaint are held to less stringent standards than lawyer-drafted pleadings. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982). Pro se complaints must be liberally construed and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id*.

## Discussion

Liberally construing plaintiff's complaint and corresponding motions, the Court has discerned that plaintiff's complaint states two possible causes of action. First, it is evident from plaintiff's complaint and "Petition for Writ of

Emergency Habeas Corpus" that plaintiff seeks to have her son released from state custody and to have custody restored to her pursuant to the federal habeas corpus statute, 28 U.S.C. § 2254. Second, it appears that plaintiff may also be alleging a 42 U.S.C. § 1983 claim for alleged violations of her constitutional right to direct the upbringing of her son.  Each of these claims will be addressed in turn.

**A.   Habeas Corpus Relief**

Pursuant to 28 U.S.C. § 2254(a), a district court has jurisdiction over a habeas corpus petition filed by a person in custody pursuant to a state court judgment who alleges that they are in custody in violation of the Constitution or laws or treaties of the United States.  While a habeas corpus petition must generally be filed by the person in custody, a parent has standing to bring a habeas corpus action on behalf of minor children.  *See Lehman v. Lycoming County Children's Services Agency,* 648 F.2d 135, 138 (3d Cir. 1981), *cert. granted*, 454 U.S. 813 (1981), *aff'd*, 458 U.S. 502 (1982) (a parent has standing to bring a habeas corpus action on behalf of her minor children).  A district court, however, lacks federal habeas jurisdiction over a petition filed by a parent on behalf of a minor child where the petition primarily concerns the parent's right to custody of the minor child.  *Amerson v. State*, 59 F.3d 92 (8th Cir. 1995).

In *Amerson*, a child was removed from his mother's custody by the Iowa Department of Human Services ("DHS") after the mother refused to place her son at a facility for a psychiatric evaluation. *Id.* at 93. The mother filed a petition with the Iowa Supreme Court for an emergency stay and a writ of habeas corpus, both of which were denied. The mother then filed a federal habeas petition as her son's next friend in the United States District Court for the Southern District of Iowa, challenging her son's removal from her custody and his placement with DHS. *Id.* The district court dismissed the petition without prejudice holding that it lacked subject matter jurisdiction to collaterally review state court decisions relating to child custody and the welfare of children. The Eighth Circuit affirmed, holding that the mother's assertion of her right to custody of her son cannot form the basis for federal habeas jurisdiction. *Id.* at 94. The court explained:

> The allegations in [the mother's] habeas petition and other filings . . . *primarily* concern her loss of custody of [her son] . . . and her disputes with the state over whether she or DHS should have custody of [her son]. She seeks an order releasing [her son] from the state and granting custody to her . . . Thus, we conclude that [the mother's] action is merely an assertion of her right to custody of [her son], which cannot form the basis for habeas jurisdiction.

*Id.* (emphasis added).

Similarly, in the present case, plaintiff's complaint and motions primarily concern her loss of custody of Levi and her dispute with the State of Nebraska regarding Levi's placement in a group home. Plaintiff's complaint is replete with statements urging the Court to return Levi home immediately. In addition, the content of all three motions filed by the plaintiff solely concern Levi's custody. *See* "Motion to Return Custody Back to the Biological Mother" (alleging she is entitled to custody of Levi because she is a fit parent and has not forfeited her right to his custody) (Filing No. 8, p. 2, ¶ 3); "Motion for Temporary Custody of Minor Son," ("I ask for permission to go get my son . . ." (Filing No. 10, p. 7, ¶ 1); and "Petition for Writ of (Emergency) Habeas Corpus," ("Petitioner is in all respect a fit and proper parent to have custody . . . Respondent has deprived said minor on a daily basis and is at this time being deprived of his constitutional rights and childhood right to have the parent (mother) raise him and love him.") (Filing No. 16, ¶¶ 6, 8). Because plaintiff's pleadings primarily concern the loss of custody of her son, the Court concludes that it lacks habeas jurisdiction to collaterally review DHHS' decisions relating to the custody and welfare of Levi.

In addition, the Court finds that plaintiff's habeas petition must also be dismissed because plaintiff failed to exhaust state habeas remedies. Pursuant to 28 U.S.C.

-6-

§ 2254(b)(1)(A), "An application for a writ of habeas corpus . . . shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the state . . . ."  An applicant is "not deemed to have exhausted the remedies available in the court of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

In Nebraska, the writ of habeas corpus has been extended to "controversies regarding the custody of infants." *Hanson v. Hanson*, 34 N.W.2d 388, 392 (Neb. 1948).  In addition to being utilized for resolving custody disputes between parents, the writ has also been used in custody disputes between a parent and a third party.  *See L.G.P. v. Nebraska Department of Social Services*, 477 N.W.2d 571, 573 (Neb. 1991) (reviewing habeas corpus child custody between a mother whose child had been taken into protective custody and the Nebraska Department of Social Services).

**B.  42 U.S.C. § 1983**

Plaintiff's complaint contains numerous allegations that both she and Levi's "constitutional rights" have been violated by virtually everyone in the court system involved in her son's case.  The constitutional bases upon which plaintiff bases these allegations, however, is unclear to the Court.  It appears that plaintiff may be alleging a deprivation of her

-7-

constitutional right to the care and custody of her son under the Fourteenth Amendment. *See Santosky v. Kramer*, 455 U.S. 745, 752-757 (1982). Due to the numerous allegations regarding the alleged deprivation of her constitutional rights, the Court gleans that plaintiff is attempting to state an equitable claim for relief under 42 U.S.C. § 1983 to obtain custody of her son.

Section 1983 provides for a civil action at law or in equity against any person, "who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

Despite the liberal construction afforded to plaintiff's pro se complaint in the context of a 12(b)(6) motion to dismiss, the Court finds that plaintiff has failed to plead sufficient facts to state a § 1983 claim against any of the named defendants. *See Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (although a pro se complaint is to be liberally construed the "complaint must still contain specific facts supporting its conclusions."). Other than numerous general references to alleged "deprivations of her constitutional rights," plaintiff's complaint sets forth no specific facts from which the Court could

find that any of the named defendants violated her constitutional rights.  For these reasons, a separate order will be entered granting defendants' motions to dismiss and denying plaintiff's motions for custody of her minor son.

DATED this_24th day of October, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court